Argued and submitted March 7, reversed on cross-appeal; remanded with instructions to enter judgment of dismissal November 12, 1986, reconsideration denied January 16, petition for review denied March 17, 1987 (302 Or 74)

## ASSOCIATED STUDENTS OF THE UNIVERSITY OF OREGON et al,
### *Appellants - Cross-Respondents,*

*v.*

## OREGON INVESTMENT COUNCIL,
### *Respondent - Cross-Appellant,*
## OREGON STATE BOARD OF HIGHER EDUCATION,
### *Defendant - Cross-Appellant.*

### (78-7502; CA A34872)

728 P2d 30

James M. Campbell, Eugene, argued the cause and filed the briefs for appellants - cross-respondents.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent - cross-appellant and defendant - cross-appellant. With him on the briefs were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiffs seek a judicial declaration that the Oregon Investment Council (OIC) may not invest Oregon Higher Education endowment funds in the common stock of corporations doing business in South Africa, Zimbabwe and Namibia, contrary to a State Board of Higher Education (Board) resolution "instructing" divestment of those stocks, and declaring that compliance with the resolution does not violate the prudent investor rule. ORS 128.057. Defendants moved against the complaint on the ground, *inter alia,* that plaintiffs lacked standing to maintain this action; the motion was denied. On the merits, the trial court, after making detailed findings and conclusions, including the conclusion that the state, not Board, is the trustee of the endowment funds, entered a judgment declaring: (1) Board has the ultimate authority and control over the endowment funds; (2) OIC does not have authority to control the endowment funds and is obligated to follow the lawful instructions of Board regarding the investment of those funds; and (3) the resolution directing divestment of investments in firms doing substantial business in South Africa violates the statutory prudent investor rule.

On appeal, plaintiffs' principal contentions are that the trial court erred in concluding that Board is not the trustee and that the divestment resolution violates the prudent investor rule.[1] Defendants cross-appeal, contending that the trial court erred in concluding that plaintiffs have standing to maintain this action. Because we agree with defendants, we do not reach the merits of plaintiffs' arguments; we reverse the denial of defendant's motion, and dismiss the action.

The funds in question comprise the corpus of charitable trusts that are funded by private donations and, according to ORS 351.060, are under the management and control of Board. On November 18, 1977, Board passed a resolution instructing OIC to divest all investments of endowment funds in South Africa, Zimbabwe and Namibia, in order to demonstrate its opposition to and withdraw its support of apartheid.[2]

---

[1] Plaintiffs contend that the resolution (*see* n 2, *infra*) does not, as the trial court found, require complete divestment but requires divestment "only to the extent prudent."

[2] The resolution provides:

On June 21, 1978, OIC voted not to follow the resolution, because, to abide by it would violate the prudent investor rule, under which OIC must operate. ORS 293.726(1); ORS 128.057. Plaintiffs are four University of Oregon student-recipients of endowment fund scholarships, the student governments of the University of Oregon and Portland State University and various other student organizations. They contend that they have a special interest in the trust and a consequent right, under ORS 28.040,[3] to maintain an action to determine and enforce the statutory and equitable duties of the Board and OIC regarding the investment of endowment funds.

■    One who seeks declaratory relief under ORS chapter 28 "must show some injury or other impact on a legally recognized interest beyond an abstract interest in the correct application or the validity of a law." *Budget Rent-A-Car v. Multnomah Co.,* 287 Or 93, 95, 597 P2d 1232 (1979). Here, in addition, because the endowment fund trusts are charitable by definition, plaintiffs must show that their interest is "sufficiently" special to distinguish their interest from that of society generally, which, as a whole, is the primary beneficiary

---

"That we instruct our money managers [*i.e.,* OIC] to take steps:

"1. To proceed in an orderly manner to sell all of the endowment investments in the 27 companies which Mr. Holmer has identified as having substantial activity in Southern Africa; and

"2. Not to acquire investments in any company which meets one of these three standards—employs more than 50 persons in Southern Africa; or (2) earns more than $500,000 from business operations in Southern Africa; or (3) which has investments in excess of the $500,000 in fixed assets or loan portfolios in Southern Africa [which] means the countries of South Africa, Rhodesia, and Namibia.

"In carrying out this action, the investment managers are requested to act prudently and in a manner which will not jeopardize the integrity of the endowment funds."

[3] ORS 28.040 provides, in pertinent part:

"Any person interested as or through [a] * * * fiduciary * * * or cestui que trust, in the administration of a trust, * * * may have a declaration of rights or legal relations in respect thereto:

"* * * * *

"(2)  To direct the * * * administrators [or] trustees * * * to do or abstain from doing any particular act in their fiduciary capacity; or

"(3)  To determine any question arising in the administration of the * * * trust * * *."

of charitable trusts.[4] *Agan et al v. U.S. National Bank, supra,* n 4, 227 Or at 628; *Restatement (Second) Trusts* § 391 (1956).

Plaintiffs allege that OIC's refusal "to carry out the instructions of the Board of Higher Education" injures them in that:

"It has prevented, continues to prevent and will prevent the Board of Higher Education from carrying out the fiduciary duties of a trustee on behalf of the beneficiaries in the management and control of the privately donated and bequeathed trust property, and specifically from carrying out its policy adopted on November 18, 1977; which prevention violates the rules of equity and the rights, desires and interests of the plaintiffs, who are beneficiaries of the trusts; and

"It has impaired, continues to impair and will impair the relationship of the plaintiffs, as beneficiaries of the trusts, to their trustee; and specifically has obscured the very identity of the trustee, preventing the plaintiffs from knowing what their rights under the trusts are and what the status of the trust administration is; which impairment and obscurity violates the rules of equity and the rights, desires and interests of the plaintiffs; and

"It has infringed, continues to infringe and will infringe the relationship of the plaintiffs, as beneficiaries of the trusts, to their trust properties, and specifically has interfered with and thwarted the efforts of the plaintiffs to petition and to direct their trustees to adopt and to implement the investment policy promulgated by the Board of Higher Education on November 18, 1977 with regard to the plaintiffs' trust properties; which infringement and interference violates the rules of equity and the rights, desires and interests of the plaintiffs.

"* * * * *

"It has prevented, continues to prevent and will prevent the Board of Higher Education from carrying out its statutorily designated fiduciary duties to the beneficiaries, as provided by ORS 293.790(1) and ORS 351.060(2) and (4)(a), in the management and control of the private bequests devoted to the furtherance of educational and charitable purposes and specifically it has prevented, continues to prevent and will continue to prevent the State Board of Higher

---

[4] Unless a sufficient special interest is shown, a charitable trust is enforceable only by an appropriate public representative of the community. *Agan et al v. U.S. National Bank,* 227 Or 619, 363 P2d 765 (1961).

Education from carrying out its investment policy adopted November 18, 1977, contrary to the rights, desires and interests of the plaintiffs.

"* * * * *

"The * * * investment * * * [by OIC in common stock constitutes investment] that is prohibited by statute, contrary to the rights, desires and interests of the plaintiffs and to the dignity of the State of Oregon."

No other injury is alleged.

■    Although difficult to summarize, plaintiffs' allegations of injury, read in the context of the remainder of the complaint, disclose their opposition to apartheid on social and moral grounds and their desire to have Board's and OIC's investment decisions reflect their views. Specifically, they allege that OIC's investment policies run counter to their personal desires and interests, obscure their relationship with the administrators of the trusts and constitute a breach of the law.[5] However, they do not allege any legally recognized injury, and neither agreement with plaintiffs' opposition to apartheid nor the desirability of encouraging students to become concerned with social and moral wrongs and to seek to right them can turn the alleged "injuries" into legally recognized ones. They are abstract and are not sufficiently special to distinguish plaintiffs' concern from that of all Oregonians who are strongly opposed to apartheid.

None of the authorities on which plaintiffs rely supports their contention that they have alleged enough to show a special interest distinct from that of the general public. In *Jones v. Grant,* 344 So2d 1210 (Ala 1977), for example, members of the faculty, staff and student population of a private college instituted a class action for an accounting against the college, its president and the board of directors. They alleged that they had been damaged by the defendants' diversion and misuse of funds supplied by the federal government, a church and the students for the benefit of the

---

[5] Plaintiffs' contention that the investments are prohibited by law is that, if OIC, rather than Board, has the authority to invest the endowment funds, it is not permitted to invest them in common stocks. ORS 293.726(2). They also contend, however, that Board, not OIC, has the authority to control the investment of endowment funds. ORS 293.790.

charitable trust. The court held that the plaintiffs had alleged a sufficient special interest to give them standing.

Here, plaintiffs allege no diversion of funds and no financial injury to themselves or to Oregon's colleges and universities. They do not allege that they or any potential recipient of endowment funds has ever refused, or will refuse, to accept a scholarship or loan from Board because of IOC's investment policy or that the endowment funds have been misused, impaired or threatened by that policy, or that they have a legal right to control investment of the funds.[6] Although plaintiffs do have a particular interest in the allotment of scholarships and other eleemosynary distributions from the funds, their allegations do not relate to that interest. Therefore, plaintiffs have failed to allege a legally recognized injury or a sufficiently special interest to give them standing to maintain this action.

Reversed on cross-appeal; remanded with instructions to enter judgment of dismissal.

---

[6] If, as plaintiffs allege, Board has the authority to control the investment of the endowment funds, it has standing to enforce its resolution. However, it is stipulated that Board has refused to join as a plaintiff in this action and has not maintained one of its own. If Board does not desire to carry out its resolution, for whatever reason, we perceive no basis on which plaintiffs may compel it to do so in the absence of a legal duty of the Board to carry it out and the allegation of a legal basis for plaintiffs' asserting a derivative right. There are no such allegations.